

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY NOLL**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

February 25, 2025

**BY ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten annotation: Any response by the plaintiff to this request is due 2/27/25. /s/ Denise Cote 2/26/25]*

   Re: <u>Kimberly Bernard v. City of New York, et al.</u>
     24-CV-6049 (DLC)

Your Honor:

   I am the Assistant Corporation Counsel representing Defendants in the above-referenced matter. Defendants write to request 1) that the Court endorse the proposed briefing schedule set forth below regarding Defendants' anticipated motion for summary judgment; 2) that the Court stay discovery while Defendants' motion is pending; and 3) permission to forgo the Court Ordered meditation, scheduled for February 28, 2025. Docket No. 23.

   By way of background, Plaintiff was arrested on May 8, 2023 while protesting outside the NYPD's 7th Precinct for her conduct at a protest two days prior, May 6, 2023. Video footage from May 6, 2023 shows Plaintiff unlawfully standing on the subway tracks at the Lexington Avenue and 63rd Street subway station in Manhattan. The District Attorney's Office charged plaintiff with Obstructing Governmental Administration and Criminal Trespass in the Third Degree based on her conduct on May 6, 2023.

   Plaintiff brings federal law claims of excessive force, fabrication of evidence, failure to intervene, Fourteenth Amendment equal protection violation, First Amendment retaliation, and a claim against the City pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978). Plaintiff also alleges supplemental state law claims[1] and claims of false arrest and malicious prosecution pursuant to NYC Administration Code § 8-801.

   Video footage establishes that Defendants are entitled to judgment as a matter of law because there is no genuine dispute of material fact at this stage of the case. As an initial matter,

---

[1] Plaintiff's Late Notice of Claim Petition pursuant to General Municipal Law § 50-e is fully briefed and pending a decision in state court. Plaintiffs state law claims would fail for many of the same reasons her claims brought under federal law fail.

Plaintiff cannot establish an excessive force claim because body worn camera footage reveals that officers used objectively reasonable force when arresting Plaintiff. *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

The remainder of Plaintiff's claims cannot succeed based the video footage of her standing on the southbound "Q" train subway track bed beyond the warning sign indicating unauthorized persons may not enter subway tracks, which establish probable cause for NY Penal Law 140.10 (Criminal Trespass in the Third Degree.)[2] Probable cause also provides a defense against Plaintiff's equal protection and First Amendment retaliation claims, as well as her false arrest and malicious prosecution claims pursuant to NYC Administration Code § 8-801. The Second Circuit has held that when the basis of an equal protection claim is a purported violation of the First Amendment, the "equal protection claim and the[] First Amendment claim coalesce." *African Trade & Info. Cent., Inc. v. Abromaitis*, 294 F.3d 355, 363 (2d Cir. 2002); *see also Kristoffersson v. Port Jefferson Union Free Sch. Dist.*, 2024 U.S. App. LEXIS 17098, *13-14 (2d Cir. 2024). Here, these two claims coalesce because Plaintiff's equal protection claim is premised on the New York City Police Department's discriminatory policing of protests, which she claims deprived her of rights as a member of a protected class. But under circumstances similar to the instant case, probable cause defeats a First Amendment retaliation claim because it shows that the motivation for the arrest was not the denial of protected speech. *See e.g. Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019.)[3]

Because Plaintiff cannot establish a constitutional deprivation, Defendants' anticipated motion will be fully dispositive of this case. According, Defendants request that the Court endorse the following briefing schedule agreed upon by the parties:

| | |
|---|---|
| Defendants' motion for summary judgement due: | April 4, 2025 |
| Plaintiff's opposition due: | May 5, 2025 |
| Defendants' reply due: | May 19, 2025 |

In light of this anticipated motion, Defendants request permission to forgo the Court ordered mediation scheduled for February 28, 2023, and request that the Court stay discovery while Defendants' motion is pending. Courts can stay discovery during a pending motion likely to narrow or eliminate the issues. *Orlando v. Nxt-ID Inc.*, 2020 U.S. Dist. LEXIS 191353 *2-3 (S.D.N.Y. October 15, 2020).

Thank you for your consideration of this request.

Respectfully submitted,
/s/ *Jeffrey Noll*
Assistant Corporation Counsel

CC: All Counsel by ECF

---

[2] Plaintiff's fabrication of evidence claim also fails as no actual fabrication exists in light of the video.
[3] Because Plaintiff suffered no primary constitutional deprivation, her failure to intervene and *Monell* claims also fail. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986.)