

55 WASHINGTON ST.
Ste. 508
BROOKLYN, NY 11201
(347) 662-2421

February 27, 2025

Hon. Judge Denise L. Cote
United States District Court for the Southern District of New York
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Bernard v City of New York, et al.*, 24-cv-06049

Dear Hon. Judge Cote:

> *[Handwritten note:]* Should the π agree to dismiss all her claims except for the excessive force claim, the stay will be lifted. Otherwise the defendants' request for a stay is granted, as is the defendants' proposed schedule for summary judgment. /s/ Denise Cote 2/28/25

As the Court is aware, my firm represents the Plaintiff, Kimberly Bernard, in the above action. Plaintiff writes in accordance with this Court's Order, issued February 25, 2025, permitting Plaintiff to respond by February 27, 2025, to Defendants' letter seeking to stay discovery and forego mediation and requesting a briefing schedule. Plaintiff writes to clarify the record created by Defendants' letter and to respectfully request that the Court deny Defendants' requests.

As a preliminary matter, contrary to Defendants' assertions, Plaintiff does not allege claims for malicious prosecution or false arrest. To be direct, the term "malicious prosecution" does not appear in Plaintiff's Complaint; "false arrest" appears only in Plaintiff's discussion of the NYPD's history of protest policing. Plaintiff respectfully avers that both these assertions and Defendants' remaining stated positions underscore the need for ongoing discovery, including depositions, in this matter.

**Procedural History**

On May 8, 2023, Plaintiff was forcibly arrested by high-ranking NYPD Defendants while Plaintiff was present at a "jail support" action at the NYPD's 7th Precinct for individuals arrested during protest actions related to the public killing of Jordan Neely on the subway. Following Plaintiff's arrest, detention, and subsequent arraignment on misdemeanor charges only, members of the NYPD publicly released Plaintiff's private address and information accusing her of terrorism-related activity. Following this and the additional events described in her Complaint, Plaintiff initiated this Action on August 8, 2024. Plaintiff also filed a petition for a Late Notice of Claim in New York State Supreme Court, Kings County, for which oral arguments were held on October 16, 2024. A decision has not yet been issued as to Plaintiff's New York State claims.

In accordance with this Court's Order, dated December 20, 2024, the Parties have until April 25, 2025, to complete fact discovery. The Parties have not yet conducted depositions. The Parties were scheduled to engage in Mediation on February 28, 2025. Defendants filed the instant letter on February 25, 2025, seeking to stay discovery, forego mediation, and enter a briefing schedule.

**Plaintiff's Position**

In support of Defendants' requests and stated intent to move for summary judgment, Defendants repeatedly claim Plaintiff has asserted "malicious prosecution" and "false arrest" claims, including pursuant to NYC Admin. Code § 8-801. She has not. Indeed, this provision of the New York City Civil Rights Law is titled, "The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used in Connection with a Search or Seizure."

None of Plaintiff's remaining claims are defeated by the purported existence of probable cause for arrest—which itself is not a settled issue of fact. *See, e.g., Wheeler v. Artola*, 852 F. App'x 589, 591 (2d Cir. 2021; *see also Chimelis v County of Suffolk*, 2025 US Dist LEXIS 24666 (E.D.N.Y. 2025). Nevertheless, Defendants' stated positions each appear tied to this misapprehension, as evidenced by their reliance upon cell phone footage purportedly taken of Plaintiff at a subway protest action several days prior to her arrest. Defendants' arguments, to the extent they address Plaintiff's stated causes of action, suggest a misunderstanding of both this matter and the body of case law arising from NYPD protest policing, which stands firmly for the proposition that a person may experience actionable civil rights violations even after that person was observed committing an offense as part of a protest action.

The issue of whether the force used was "unreasonable and therefore excessive is a fact-specific inquiry." *Gersbacher v City of New York*, 134 F. Supp. 3d 711, 723, 2015 U.S. Dist. LEXIS 129994, *23 (S.D.N.Y. 2015), *citing Amnesty Am. v Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004). Contrary to Defendants' assertion, whether probable cause existed at the time of arrest is hardly dispositive; excessive force is frequently assessed in the context of lawful arrests. *See, e.g., Graham v Connor*, 490 US 386 (1989).

Plaintiff did not resist arrest, did not attempt to flee, and was not issued—nor did she disobey—any lawful orders, and Plaintiff was willingly present at an NYPD precinct when she was suddenly surrounded, thrown against a brick wall, and forcibly arrested by Defendants. Plaintiff was also placed in overly tight handcuffs, which Defendants refused to loosen, causing her further pain and injury. This incident was captured on video, including body-worn camera footage, and in images included in Plaintiff's Complaint. None of Defendants' assertions suggest these facts are at issue; rather, Defendants rely on misstatements of Plaintiff's Complaint and the purported existence of probable cause in an attempt to establish the absence of factual issues and support their position.

**Conclusion**

Accordingly, Plaintiff respectfully avers that the Parties should be permitted to continue to engage in discovery, including the depositions of parties, and respectfully requests that this Court deny Defendants' requests.

Respectfully submitted,

/s/ Maryanne Kaishian

Maryanne K. Kaishian
**KAISHIAN & MORTAZAVI LLC**
*Attorneys for Plaintiff*

CC: *All parties by ECF*